## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,

    v.

**OSCAR MARTINEZ-HERNANDEZ**, *et. al.*,

    Defendants.

Criminal No. 15-075 (GAG/BJM)

## <u>ORDER</u>

This case involves a nine-person indictment that charges Oscar Martinez Hernandez ("Martinez"), Angel Ramos Cruz ("Ramos"), Miguel Diaz Rivera ("Diaz"), Juan Quinones Melendez ("Quinones"), Orlando Mojica Rodriguez ("Mojica"), Jayson Rodriguez-Gonzalez ("Rodriguez"), Carlos Rosado-Rosado ("Rosado"), Alexander Rosado de Leon ("Rosado de Leon"), and Jancarlos Velazquez Vazquez ("Velazquez") with murder, conspiracy to commit murder, murder for hire, conspiracy to commit murder for hire, and using a firearm in relation to a crime of violence (murder and murder for hire). Docket No. 3. Defendants are under the custody of the Bureau of Prisons ("BOP") pending trial on the charges, and are detained in several BOP institutions outside Puerto Rico.

Rodriguez, Quinones, Martinez, and Ramos moved for an order requiring the wardens of their respective institutions of confinement to unshackle their hands during legal visits. Docket Nos. 1755, 1763, 1771, 1804. The government's response addresses only Rodriguez's motion. Docket No. 1815. In that response, the government asserts that, "for security reasons," USP Atlanta—where Rodriguez is detained—has a policy requiring inmates who have been placed in the Special Housing Unit ("SHU") to remain completely shackled during legal visits. Docket No. 1815 ¶ 2. But the government does not elaborate upon these "security" concerns, acknowledges that Rodriguez has previously been allowed to have his hands unshackled during legal visits, and relays that the "staff at USP Atlanta"

is willing to unshackle Rodriguez's hands during legal visits upon the issuance of a court order. *Id.* These matters were referred to me for disposition. Docket Nos. 1759, 1774, 1806.

A "judicial officer," such as a magistrate judge, is authorized to protect a pretrial detainee's reasonable access to counsel. *See* 18 U.S.C. § 3142(i)(3); *United States* v. *Rodriguez*, No. 12-CR-83S, 2014 WL 4094561, at *4 (W.D.N.Y. Aug. 18, 2014). "Section 3142(i)(3) reaches above minimum conduct affecting case outcomes and suggests how an attorney-client relationship ought to proceed leading up to trial—it assumes that the attorney and client will consult each other regularly and then mandates the removal of any impediment to 'private' consultations that are qualitatively and quantitatively 'reasonable.'" This includes, for example, "allowing pretrial defendants, who are presumed innocent, to review discovery" with their counsel where "safety or similarly important logistical needs" do not require otherwise. *See id.* at *5.

Section 3142 also authorizes a judicial officer to protect the reasonable access to counsel of a pretrial detainee who is detained outside the judicial officer's district when that pretrial detainee is facing charges in the district in which that judicial officer sits. *See* 18 U.S.C. § 3142(i)(3); *Falcon* v. *U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995). In *Falcon*, for example, Augusto Falcon faced "numerous drug-related charges in the United States District Court for the Southern District of Florida." *Id.* at 138. After he was charged, Falcon was transferred to various federal detention centers, including a federal detention center in Chicago, Illinois. *Id.* Falcon filed a writ of habeas corpus in the Southern District of Illinois. *Id.* While the Seventh Circuit held that the petition was improperly filed because it raised conditions-of-confinement claims, the *Falcon* court noted that "Falcon ha[d] a judicial remedy that he ha[d] not pursued." *Id.* at 139. In particular, and after noting that the presiding judge in the Southern District of Florida retained "jurisdiction over all pretrial, trial and post-trial aspects of that case," the Seventh Circuit explained that the judge in the Southern District of Florida had "statutory authority" under 18 U.S.C. § 3142(i)(3) "to protect Falcon's access to counsel." *Id.*

United States v. Martinez-Hernandez, *et al.*, Criminal No. 15-075 (GAG/BJM)                    3

        In this case, Rodriguez, Quinones, Martinez, and Ramos contend that their reasonable access to counsel is being qualitatively impaired because the wardens of their respective institutions of confinement keep their hands shackled during lengthy legal visits—a circumstance that, among other things, precludes these detainees from handling discovery-related documents and other documents related to their case. Because the right to "reasonable" access to counsel includes "allowing pretrial defendants, who are presumed innocent, to review discovery" with their attorneys, because the government has proffered no specific reasons that shed light on the particular "security" concerns that would arise from allowing Rodriguez to be unshackled during legal visits, and because the government has not addressed the other detainees' motions or otherwise elaborated on any specific "security" concerns that would arise from allowing them to be unshackled during legal visits, the defendants' motions are **GRANTED**. *See Rodriguez*, 2014 WL 4094561, at *5.

        For the foregoing reasons, it is hereby ordered that the wardens of the BOP institutions where Oscar Martinez Hernandez, Angel Ramos Cruz, Juan Quinones Melendez, and Jayson Rodriguez-Gonzalez are detained shall unshackle the hands of these pretrial detainees during legal visits. The wardens of these BOP institutions are not precluded from taking necessary precautionary and logistical measures that maintain the security of their respective institutions—so long as these measures adequately respect the detainees' constitutional right to confidential communications with their legal counsel.

        **IT IS SO ORDERED.**
        In San Juan, Puerto Rico, this 4th day of May 2017.

                                        *S/ Bruce J. McGiverin*
                                        BRUCE J. McGIVERIN
                                        United States Magistrate Judge